## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLY ROSS TOLSON, | ) | CASE NO.:  11 CV 2324 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff Kelly Christine Ross, aka Kelly Ross Tolson's, (Plaintiff) Objections to the Magistrate Judge's Report and Recommendation (R&R). This action was referred to Magistrate Judge Vernelis K. Armstrong for a Report and Recommendation on the decision of the Administrative Law Judge (ALJ) to deny Plaintiff's claim for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Title XVI of the Social Security Act Act, 42 U.S.C. §§ 1381 *et seq*., respectively.   The Magistrate Judge has recommended that the ALJ's decision denying SSI and DIB to the Plaintiff be affirmed *in toto*. Plaintiff timely objected to the Magistrate Judge's R&R.

## Law & Analysis

When a magistrate judge submits an R&R, this Court is required to conduct a *de novo* review of those portions of the R&R to which an objection has been made.  42 U.S.C. § 1381(c)(3).  This court's review of the ALJ's decision is limited to determining whether

1

substantial evidence, viewing the record as a whole, supports the ALJ's findings.  *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 229 (1938)).  If substantial evidence supports the ALJ's decision, the decision must be affirmed even if a reviewing court would decide the matter differently.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a 'zone of choice' within which the decision makers can go either way, without interference from the courts."  *Id.*  "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.*  However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether an administrative decision maker employed the proper legal standards.  *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for an ALJ to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). This inability to engage in substantial gainful activity encompasses both Plaintiff's past employment and any other work existing in significant quantity in the national economy. 42 U.S.C. § 423(d)(2)(A).

In her Objections, Plaintiff alleges that the Magistrate Judge erred in finding that the ALJ gave "appropriate weight" to her treating physician and to the state agency's medical experts. Secondly, Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's finding that the Plaintiff's continued medical symptoms were the result of Plaintiff's noncompliance with a proscribed medical regimen. Thirdly, Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's finding that Plaintiff is able to sustain substantial gainful activity. This Court has reviewed Plaintiff's objections to the Magistrate Judge's R&R and has conducted a *de novo* review of the record with regard to those portions of the R&R to which Plaintiff objects.

**1. Weight Afforded to Physicians**

a. Treating Physician

This Court concludes that the Magistrate Judge was correct to recommend a finding that that ALJ gave "appropriate weight" to both the Plaintiff's treating physician and the state agency's medical experts. "The Commissioner has elected to impose certain standards of the treatment of medical source evidence." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)(*citing* 20 C.F.R. § 404.1502). Under one such standard that is known as the "treating physician rule," the Commissioner has mandated that the ALJ "will" give a treating physician's opinion controlling weight "if it is well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." *Id*. A medical opinion that is partially premised upon the subjective complaints of the claimant may be discounted. *Young v. Secretary of Health and Human Services*, 925 F.2d 146, 151 (6th Cir. 1990).

If the ALJ declines to give a treating physician's opinion controlling weight, he or she must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization" of the treating physician. *Cole*, 661 F.3d at 937 (*citing Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)(*citing* 20 C.F.R. § 404.1527(d)(2)). Additionally, the Commissioner imposes on its decision makers a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion." *Id*. (*citing* 20 C.F.R. § 404.1527(d)(2)). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's medical opinion and the reasons for that weight." *Id*. (*citing* SOC. SEC. RUL. NO. 96-2p, POLICY INTERPRETATION RULING TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS, 1996 SSR LEXIS 9, at *12 (July 2, 1996)).

The ALJ satisfied both tiers of the aforementioned analysis. First, the ALJ elected to exercise the discretion that is given in *Young* in order to exclude Dr. Ahn's treatment notes concerning the Plaintiff. The ALJ found that Dr. Ahn's treatment notes of the Plaintiff were guided solely by Plaintiff's complaints. As a result, the ALJ held that Dr. Ahn's medical opinions were inconsistent with other evidence in the record, namely Dr. Ahn's own prior

4

opinions (Docket No. 12. p. 22 of 388). Second, the ALJ followed the Sixth Circuit's holding in *Cole* by balancing the stated factors and deciding how much weight to give to Dr. Ahn's notes. The ALJ determined that Dr. Ahn had an ongoing treatment relationship with Plaintiff as her psychiatrist. Innate in this determination was the ALJ's consideration of the length of the treatment relationship, the frequency of the examination, and the extent of the treatment relationship (Docket No. 12, p. 22 of 388).

Lastly, Plaintiff's Objections to the Magistrate Judge's R&R cite to two cases, *Wilson v. Commr. of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) and *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), and claims that these cases stand for the proposition that a treating physician's opinions may not be disregarded but for good cause. While Plaintiff's Objections do correctly state the rules of law that *Wilson* and *Blankenship* both respectively stand for, the ALJ's findings are wholly reconcilable with both *Wilson* and *Blankenship*. *Wilson* and *Blankenship* did not hold that a treating psychologist's opinions could never be disregarded. On the contrary, the cases that Plaintiff's Objections cite to hold that a treating physician's opinions may not be disregarded absent a valid reason. In fact, *Wilson* espouses the exact same rule that the Sixth Circuit later reiterated in *Cole* (*supra*); that a treating physician's opinions must be given controlling weight only if the opinions are supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the case record. *See Wilson*, 378 F.3d at 544. As discussed above, there is substantial evidence in the record for the ALJ to find that the opinions of Plaintiff's treating physician were both unsupported by medically acceptable clinical and laboratory diagnostic techniques and inconsistent with other substantial evidence in the record.

Therefore, acknowledging the "treating physician rule" and asserting good reasons for discounting Dr. Ahn's opinions, the ALJ's finding that Dr. Ahn's opinions were entitled to "little weight" is supportable. Because the Commissioner employed the proper legal standards, the ALJ's decision to give "little weight" to the opinions of Plaintiff's treating physician must be affirmed.

### b. State Agency Experts

This Court also concludes that the ALJ was correct in attributing "significant weight" to the opinions of the state agency's medical experts, Drs. Smith and Zeck.

Although ALJs are not "bound by the findings made by State agency or other program physicians and psychologists," they "may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Skinner v. Astrue*, 2010 WL 1754173, 9 (M.D. Tenn. 2010). This is because "State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. *Id*. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." *Id*. (*citing* 20 C.F.R. § 404.1527(f)(2)(i)).

"In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." *Id*. The Magistrate Judge was persuaded in this case that the ALJ gave specific and valid reasons for attributing "significant weight" to Dr. Smith's opinions. First, Dr. Smith conducted a clinical evaluation on February 12, 2009. Second, Dr. Smith noted that Plaintiff had apparently gone one year without medication or incident. Third, Plaintiff admitted that she took only one type of medication at a time;

nevertheless, he observed that Plaintiff was verbally expressive, generally direct with some tangential thought, she was alert, demonstrated an ability to use critical and analytical reasoning, displayed fair insight and judgment, and she reported an extensive list of daily activities.  Fourth, Dr. Smith determined during an evaluation that Plaintiff was not an entirely reliable reporter of her confrontational nature and quickness to become angry.  Fifth, Dr. Smith concluded post evaluation that Plaintiff had moderate functional limitations that accounted for her subjective statements, stress, and potential unreliability in evaluating her own condition.

The ALJ did not ignore Dr. Smith's opinions.  The ALJ devoted much attention to Dr. Smith's observations and their consistency with the Plaintiff's complaints or other reliable medical evidence.  In addition, the ALJ explained the level of weight that he gave to Dr. Smith's opinion in his decision, and offered substantial support for his conclusions.

Likewise, the ALJ gave Dr. Zeck's opinions "significant weight" because they were consistent with the evidence provided by Dr. Smith.  Dr. Zeck conducted a clinical interview with Plaintiff on August 4, 2009, nearly six months after Dr. Smith's clinical interview with Plaintiff.  Like Dr. Smith, Dr. Zeck noted that Plaintiff was not taking any medication and although she was restless and her speech rambled, her speech was relevant and coherent.  Moreover, Dr. Zeck found that Plaintiff had no loose associations, she was oriented in all spheres, she gave appropriate responses to hypothetical judgment situations, she displayed average intelligence, and she admitted that she was able to care for her children.  Dr. Zeck's conclusions that Plaintiff's ability to relate to others and perform day-to-day work activities was moderately impaired were based on her performance in the clinical interview.  Dr. Zeck's conclusions that Plaintiff's mental ability to understand, remember, follow instructions, and

perform simple tasks did not appear to be impaired and was based mostly on Plaintiff's appearance and representation during the interview.

In this case, the ALJ did not ignore Dr. Zeck's opinions.  Furthermore, the ALJ explained the amount of weight given to the opinions in his decision, offering substantial support for his conclusions.  The ALJ devoted much attention to Dr. Zeck's observations and their consistency with the record as a whole.  This Court agrees with the Magistrate Judge that the ALJ's decision to give "great weight" to Dr. Zeck's opinion does not undermine Plaintiff's subjective complaints or other reliable medical evidence.

### c. Conclusion

Therefore, Plaintiff's Objections regarding the Magistrate Judge's recommendation to affirm the ALJ's findings as to the amount of weight given to the treating physician and the state agency's medical experts are overruled.  The ALJ properly applied the proper legal standards and substantial evidence exists in the record to support the ALJ's findings.  Therefore, this Court affirms the decision of the ALJ to give "little weight" to Plaintiff's treating physician and "significant weight" to the state agency's medical experts.

### 2. Continued Symptoms Due to Noncompliance with Prescribed Medical Regimen

Next, Plaintiff objects to the Magistrate Judge's recommendation to affirm the finding of the ALJ that Plaintiff's ongoing medical symptoms were the direct result of Plaintiff's noncompliance with a medication regimen.  Specifically, Plaintiff's objection to the Magistrate Judge's R&R asserts that the ALJ erred in his finding that her medical non-compliance was the cause of her continued medical symptoms.  Plaintiff contends that no medical professional, whether her treating psychologist or otherwise, has ever determined that her mental impairments

8

are controlled with medication.  Therefore, Plaintiff argues that the ALJ's finding that Plaintiff's non-compliance with her prescribed medical regimen was the cause of her ongoing symptoms is unsupported by substantial evidence within the record.

The Court rejects Plaintiff's objection to the Magistrate Judge's recommendation on this matter.  Dr. Ahn provided medical evidence that asserted that Plaintiff's medical condition was remedial whenever Plaintiff was reported to have taken her prescribed medication.  The Sixth Circuit has held that if a medical condition is remedial through medication or treatment, then that condition is not disabling for purposes of social security determination.  *Ariss v. Commissioner of Social Security*, 2011 WL 3704116, *11 (N.D. Ohio 2011).  After years of readjusting Plaintiff's medical regimen, Dr. Ahn noted on April 30, 2010 that Plaintiff's symptoms had neither dissipated nor increased.  Therefore, it was reasonable for the ALJ to conclude that Plaintiff's symptoms were controlled whenever she decided to take her prescribed medication (Docket No. 12, p. 329 of 388).  This Court thus concludes that the ALJ did not err in finding that Plaintiff's medical condition was remediable with drug therapy and therefore, Plaintiff was not disabled.  The ALJ's finding on this matter is affirmed.

### 3. Ability to Engage in Substantial Gainful Employment

Lastly, Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's finding that the Plaintiff is able to engage in substantial gainful employment.  Plaintiff's Objection to the ALJ's finding on this matter generally states, "Dr. Ahn's assessments of [Plaintiff's] ability to perform work activities set forth the medical findings that support his evaluation and they can lead to but one conclusion as to [Plaintiff's] inability to sustain substantial gainful activity" (Docket No. 17. p. 6 of 7).

9

The Court finds Plaintiff's final Objection to be nothing more than a conclusory statement that fails to offer any specific protest to the Magistrate Judge's R&R.  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Therefore, Plaintiff's final Objection is without merit.  After conducting a *de novo* review of the relevant portions of the record, this Court concurs with the Magistrate Judge's recommendation that the ALJ did not err in finding that Plaintiff is still able to engage in substantial gainful employment and thus is not disabled.  The ALJ's finding on this matter is hereby affirmed.

**Conclusion**

This Court adopts the Magistrate Judge's Report and Recommendation *in toto*. Plaintiff's Objections are OVERRULED and the ALJ's decision is hereby AFFIRMED in its entirety.

IT IS SO ORDERED.


___November 19, 2012_____          __/s/ John R. Adams_____
DATE                               JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT COURT

10

11